Steven M. Olson, Esq.
State Bar No. 146120
LAW OFFICE OF STEVEN M. OLSON
100 E Street, Suite 214
Santa Rosa, CA 95404
Telephone: (707) 575-1800
Facsimile: (707) 575-1867
Email: smo@smolsonlaw.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re

ANIL BEMBEY, dba Anil's Fine Foods,
dba Blooming Rose Vineyards,

    Debtor.
_____/

Case No. 10-11577
(Chapter 12)

## **DEBTOR'S FIRST AMENDED CHAPTER 12 PLAN**

Anil Bembey, dba Anil's Fine Foods, dba Blooming Rose Vineyards (the "Debtor"), the Chapter 12 Debtor in the above-captioned case, proposes this Debtor's Chapter 12 Plan (the "Plan"):

### ARTICLE 1

### PLAN PAYMENTS

Section 1.01.  The Debtor shall remit the following sums each month to the Chapter 12 Trustee (the "Trustee") for a period of sixty (60) months, beginning one month after the Effective Date, September 1, 2010:

    a.    A sum equal to 1/60th of the allowed claim of holders of Class 1 Claims (estimated at $0 per month), together with interest thereon at the statutory rate;

    b.    A sum equal to the monthly payment on the reamortized allowed secured claim of the holder of the Class 2 Claim (estimated at $1,849.88);

    c.    A sum equal to the monthly payment on the reamortized allowed secured claim of the holder of the Class 3 Claim (estimated at $474.47); and

    d.    Such further sums as are required to pay allowed expenses of

| | |
|---|---|
| 1 | administration over the term of the Plan. |
| 2 | After the 60th payment to the Trustee, the Debtor will make the remaining |
| 3 | payments for the holders of the Class 2 and Class 3 Claims directly to the holders. The |
| 4 | Debtor will make direct payments to the holder of the Class 7 Claim. |

## ARTICLE II

## EXPENSES OF ADMINISTRATION

Section 2.01    Administrative expenses of the Debtor's Chapter 12 case that are allowed pursuant to Section 503(b) of the Bankruptcy Code shall be paid form the Plan payments as allowed by the Court.

Section 2.02    The Trustee shall be paid as provided by the Bankruptcy Code.

## ARTICLE III

## CLASSIFICATION OF CLAIMS

The Claims are classified as follows:

Section 3.01.    <u>Class 1 Claims</u>.    Allowed claims entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code.

Section 3.02    <u>Class 2 Claim</u>.    The allowed secured claim of BAC Home Loans Servicing ("BAC") secured by a first priority deed of trust against the real property and improvements located at 870 Butler Avenue, Santa Rosa, CA 95407 (the "Property").

Section 3.03    <u>Class 3 Claim</u>.    The allowed secured claim of BAC Home Loans Servicing ("BAC") secured by a second priority deed of trust against the Property, capped at the difference between the value of the Property and the payoff of the debts secured by senior liens encumbering the Property.

Section 3.04    <u>Class 4 Claim</u>.    The allowed secured claim, if any, of Interest Income Partners ("IIP") secured by a third priority deed of trust against the Property, capped at the difference between the value of the Property and the payoff of the debts secured by senior liens encumbering the Property.

Section 3.05    <u>Class 5 Claim</u>.    The allowed secured claim, if any, of IIP secured by a fourth priority deed of trust against the Property, capped at the difference

between the value of the Property and the payoff of the debts secured by senior liens encumbering the Property.

Section 3.06    Class 6 Claim.    The allowed secured claim, if any, of IIP secured by a fifth priority deed of trust against the Property, capped at the difference between the value of the Property and the payoff of the debts secured by senior liens encumbering the Property.

Section 3.07    Class 7 Claim.    The allowed secured claim of Carriage Motors secured by the Debtor's 2004 Dodge Durango.

Section 3.08    Class 8 Claim.    The allowed secured claim, if any, of P.W. Stephens, Inc., secured by a mechanic's lien against the Property, capped at the difference between the value of the Property and the payoff of the debts secured by senior liens encumbering the Property.

Section 3.09    Class 9 Claim.    The allowed secured claim, if any, of Greg Service secured by a judgment lien against the Property, capped at the difference between the value of the Property and the payoff of the debts secured by senior liens encumbering the Property.

Section 3.10    Class 10 Claims.    All claims against the Debtor except for claims that fall within Classes 1 - 9 hereinabove, including without limitation any claims of creditors who assert liens on the Property to the extent that the value of the Property is less than the sum of debts secured by senior liens on the Property.

## ARTICLE IV

## TREATMENT OF CLAIMS UNDER THE PLAN

Section 4.01    Class 1 Claims are impaired.  Holders of allowed Class 1 claims shall be paid in eixty equal monthly installments (estimated at $0).

Section 4.02    Class 2 Claim is impaired.    The secured claim of the holder of the Class 2 claim shall be amortized over 40 years, commencing on the Effective Date, using an interest rate of 3.25% per annum, with equal monthly payments beginning one month after the Effective Date. The claimant shall retain its lien on the Property.

Section 4.03  <u>Class 3 Claim is impaired.</u>  The secured claim of the holder of the Class 3 claim shall be amortized over 40 years, commencing on the Effective Date, using an interest rate of 3.50% per annum, with equal monthly payments beginning one month after the Effective Date.  The claimant shall retain its lien only to the extent that the value of the Property is greater than the payoff of the debts secured by senior liens against the Property.

Section 4.04  <u>Class 4 Claim is impaired.</u>  The holder of the allowed Class 4 claim shall be paid the amount of such holder's interest (if any) in the Debtor's interest in the Property (estimated at $0).  Such holder shall retain its lien only to the extent that the value of the Property is greater than the payoff of the debts secured by senior liens against the Property.

Section 4.05  <u>Class 5 Claim is impaired.</u>  The holder of the allowed Class 5 claim shall be paid the amount of such holder's interest (if any) in the Debtor's interest in the Property (estimated at $0).  Such holder shall retain its lien only to the extent that the value of the Property is greater than the payoff of the debts secured by senior liens against the Property.

Section 4.06  <u>Class 6 Claim is impaired.</u>  The holder of the allowed Class 6 claim shall be paid the amount of such holder's interest (if any) in the Debtor's interest in the Property (estimated at $0).  Such holder shall retain its lien only to the extent that the value of the Property is greater than the payoff of the debts secured by senior liens against the Property.

Section 4.07  <u>Class 7 Claim is unimpaired.</u> The Debtor will not modify the claim of the Class 7 claimant.  The Debtor will make direct payments to the Class 7 claimant.  The Class 7 claimant will retain its lien on its collateral.

Section 4.08  <u>Class 8 Claim is impaired.</u>  The holder of the allowed Class 8 claim shall be paid the amount of such holder's interest (if any) in the Debtor's interest in the Property (estimated at $0).  Such holder shall retain its lien only to the extent that the value of the Property is greater than the payoff of the debts secured by senior liens

against the Property.

Section 4.09   Class 9 Claim is impaired.   The holder of the allowed Class 9 claim shall be paid the amount of such holder's interest (if any) in the Debtor's interest in the Property (estimated at $0).  Such holder shall retain its lien only to the extent that the value of the Property is greater than the payoff of the debts secured by senior liens against the Property.

Section 4.10   Class 10 Claims are impaired.   The holders of allowed Class 10 claims shall be paid nothing under the Plan pursuant to Section 1225(a)(4) of the Bankruptcy Code.

## ARTICLE V

## TREATMENT OF EXECUTORY CONTRACTS

Section 5.01   The Debtor assumes his executory contract with A.J. Vines, LLC.

## ARTICLE VI

## ALTERATION OF RIGHTS OF THIRD PARTIES

Section 6.01   Except as expressly stated in this Plan, nothing contained in the Plan or any action taken hereunder alters the rights of holders of claims or interests under Sections 510(a) or 524(a) of the Bankruptcy Code.  The Debtor shall seek, by motion or adversary proceeding, to strip the liens of the creditors in Classes 3, 4, 5, 6, 8 and 9.

## ARTICLE VII

## MISCELLANEOUS

Section 7.01   Notices.   All notices required or permitted to be made in accordance with this Plan or by the Bankruptcy Code shall be in writing and shall be delivered personally, or by First Class mail:

    a.    To Debtor:    Steven M. Olson

                                    100 E Street, Suite 214

                                    Santa Rosa, CA 95404

  b.  To Trustee: David Burchard

      393 Vintage Park Drive, Suite 150

      Foster City, CA 94404-1172

  c.  To the holder of an allowed claim, at the address set forth in the Proof of Claim of the holder or, if none, at the address set forth in the schedules prepared and filed with the Court pursuant to Section 1007(b) of the Bankruptcy Code.

  Section 7.02 <u>Effective Date of the Plan.</u> The Effective Date of the Plan shall be September 1, 2010.

  Section 7.03 <u>Reservation of rights.</u> Neither the filing of this Plan nor any statement or provision contained herein shall be or be deemed to be an admission against interest.

  Section 7.04 <u>Reservation of rights to object to claims and avoid transfers.</u>

  a.  The Debtor reserves the right to object to any claim filed by any party in interest.

  b.  The Debtor reserves the right to avoid any lien or transfer avoidable under Section 544 et seq. of the Bankruptcy code as to any secured creditor, and shall be vested with standing to do so.

  Section 7.05 <u>Valuation of collateral.</u> Confirmation of the Plan shall be a determination of the valuation of the Property as stated herein unless the Court determines otherwise pursuant to Section 506 of the Bankruptcy Code at the time of confirmation.

## ARTICLE VIII
## CONFIRMATION REQUEST

  Section 8.01 Anil Bembey, dba Anil's Fine Foods, dba Blooming Rose Vineyards, hereby requests confirmation of this Plan.

Dated: July 21, 2010         */S/ Anil Bembey*

                 Anil Bembey