Steven M. Olson, Esq.
    State Bar No. 146120
LAW OFFICE OF STEVEN M. OLSON
100 E Street, Suite 214
Santa Rosa, CA 95404
Telephone: (707) 575-1800
Facsimile: (707) 575-1867
Email: smo@smolsonlaw.com
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>ANIL BEMBEY, dba Anil's Fine Foods,<br>dba Blooming Rose Vineyards,<br><br>    Debtor.<br>_____/ | Case No. 10-11577<br>(Chapter 12)<br><br>Date of hearing: October 18, 2010<br>Time: 10:00 a.m.<br>Location: 99 South E Street, Santa Rosa,<br>CA 95404 |

## ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 12 PLAN

The Debtor's First Amended Chapter 12 Plan dated July 21, 2010 (the "Plan"), filed on behalf of Anil Bembey, dba Anil's Fine Foods, dba Blooming Rose Vineyards, the Chapter 12 Debtor in the above-captioned case (the "Debtor"), having been transmitted to creditors; and

It having been determined after hearing on notice that the requirements for confirmation set forth in 11 U.S.C. § 1225 have been satisfied, with the modifications set forth hereinbelow, in light of the withdrawal of all objections to confirmation of the Plan;

**IT IS ORDERED** that:

The Plan is confirmed, as modified to change the treatment of the claim of the Class 4 creditor, Interest Income Partners, L.P. ("IIP"), as follows:

1. The Class 4 secured claim amount is $110,000;

2. Interest is to accrue on the Class 4 claim at the rate of 6% per annum;

3. $60,000 of the Class 4 claim is to be paid via equal monthly payments by the Chapter 12 trustee, beginning on November 1, 2010, amortized over 30 years, with the other $50,000 of the claim to accrue interest with no

1                 payments owing until maturity;

2      4.     The entire unpaid balance of the $110,000 Class 4 claim is due and payable on or before October 1, 2015; and

4      5.     All other terms and conditions of IIP's note and deed of trust shall remain unaltered. In the event of a default in the Debtor's plan payments to the Chapter 12 trustee, if such default is not cured within 15 days thereafter, or if the Debtor fails to pay taxes or insurance or otherwise defaults under the terms of IIP's note and deed of trust and does not cure after fifteen days' notice, then IIP may immediately proceed with all rights and remedies allowed under the note and deed of trust, without further court order. Further, in the event of a conversion of this case to Chapter 7, IIP shall be allowed immediately to proceed with all allowed rights and remedies under the note and deed of trust, without further court order.

Dated: October 19, 2010

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

**ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 12 PLAN**- Page 2

Case: 10-11577   Doc# 51   Filed: 10/19/10   Entered: 10/19/10 17:24:48   Page 2 of 3

APPROVED AS TO FORM AND CONTENT:

Dated: October 19, 2010          LAW OFFICE OF STEVEN M. OLSON

                                       */S/ Steven M. Olson*
                                 BY: _____
                                       Steven M. Olson
                                       ATTORNEY FOR DEBTOR


Dated: October *15*, 2010        SCHEER LAW GROUP, LLP

                                       */S/ Spencer P. Scheer (via scan-and-email)*
                                 BY: _____
                                       Spencer P. Scheer
                                       Attorney for IIP


                                       */S/ David Burchard*

Dated: October *15*, 2010        BY: _____
                                       David Burchard
                                       Chapter 12 Trustee