ANIL BEMBEY
PO BOX 3032
ROHNERT PARK, CA 94927
Tel: (707) 228-6027

Debtor *Pro Se'*

FILED
MAY - 1 2013
U.S. BANKRUPTCY COURT
SANTA ROSA, CA

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

ANIL BEMBEY, dba Anil's Fine
Foods, dba Blooming Rose Vineyards

    Debtor.

) CASE NO. 10-11577
)
) CHAPTER 12
)
) AMENDED REPLY/OPPOSITION OF
) ANIL BEMBEY TO STEVEN M.
) OLSON'S APPLICATION FOR
) COMPENSATION
) DATE:
) TIME:  1:30 p.m.
) LOCATION: 99 South E Street,
)           Santa Rosa, CA
)
)

    Anil Bembey (hereinafter "Debtor") respectfully objects and opposes Steven M. Olson's (hereinafter "Attorney") Application for Compensation as follows:

ISSUE

    The Attorney claims that he spent 87.60 hours (at $400 per hour) representing the Debtor, a value of $35,040, plus .5 hours spent in the preparation of his final fee, a value of $200; .3 hours (at $135 per hour) for a law clerk, a value of $40.50, plus 2.5 hours in preparation of the final fee application, a value of $337.50; $412.56 in expenses; and

1

REPLY/OPPOSITION

reduces his bill by $3000. He also received a retainer of $7000 upon commencement of this case.

## FACTS IN SUPPORT OF DEBTOR'S POSITION

I am a struggling debtor who had at the time of the bankruptcy filing had my home damaged; ended up having to live in a hotel while the home was fixed; had just lost a $2 million dollar business and my life savings; and lost the building for my restaurant in foreclosure to a private lender at the advice of Steven Olson. The Winemaker ruined the 2008, 2009 and 2010 Wine, which gave us a total loss and am currently in litigation in that case for $256,000 against Darek Trowbridge and Old World Winery in which they have admitted wrongdoing and have offered some money in compromise. The winemakers claim to Insurance Company was rejected. They have delayed us by over a year now with poor defenses and wasting time. At this time the Real Estate Business is a struggle. All agents are suffering because of lack of inventory and harder loan qualifications for buyers and the tough economy. I filed Bankruptcy to save my home, the only possession that I had left. I therefore object for the following reasons:

1. Steven Olsen claims that he has no billing system or monthly invoice for clients, the only reason he waited for 30 months to file fee request was the cost of his own time and staff in preparing invoice

2. He provided no indication all along that the bill was increasing to such a great amount. Had he indicated this earlier, his services would have been terminated a long time ago. As a struggling debtor I had no need for such an expensive attorney to represent me post confirmation. I was in touch with the Trustee and all my creditors directly.

3. He was aware that I was homeless at the time of my filing, I had lost my Business and my home was damaged by burst water pipes, I was living in a hotel. Mr. Olsen said "you have gone through a lot" and was sympathetic and indicated to me that he would get my petition approved within the $7000 that he took upfront.

2

How can an educated and supposedly knowledgeable attorney be off by 500 % of his billing estimate? This is bad faith and breach of an oral contract.

4. All time billed by Steve Olsen is at his rate of $400 per hour, most of my meetings were with his staff, only one in three or four meetings was with him. He was busy with other cases at those times. He said that all staff time would be billed at lower rates of $135 per hour and this has not happened. The bill is a misrepresentation of how much time he actually spent on my case. This again is a breach of contract.

5. While in Chapter 12, I am under the Courts protection, the attorney has not provided results in all the time he is claiming. He has been totally ineffective in sorting out the details of my case. The entire post confirmation is "in his benefit" as claimed by him. Details are provided below.

6. I spoke with him about a possible lease/purchase option for the property. I made no indication of modification of the plan. He took it upon himself to contact the Trustee and start billing me for his time. It was not authorized. I already had permission from the Trustee to rent/lease my property. There was absolutely no need for his participation and billing.

7. Mr. Olsen feels that there is a windfall in process here, that I would sell the property and make a lot of profit from the sale. The truth of the matter is that I cannot sell the property today for the amount of liens that he suggested I agree to place on the property. We submitted an appraisal of $500K in value, while I am carrying liens of $620K on the property with approximately $86,000 due to the 3rd. Lien holder Interest Income Partners at the end of my 60 month pay plan. It will be due in 30 months, as of today. I have no money to pay them. This settlement was not in my favor. At one time he had suggested that I carry $860K in liens on the property with $360K going to the 3rd and unsecured lien holder. I had refused that.

8. Interest Income Partners is a hard money lender that made usurious loans of 11 and 12 % which were fraught with bad intentions, this is predatory lending as

3

per California law enacted in 7/2002. They were not made through a Broker as the law required. Christopher Tellis was not licensed by the DRE or CFL, he simply kept forwarding more money on a personal basis in order to get me deeper into debt. They had indicated that they would lower my interest rate with a new loan, but instead filed a Notice of Default on both properties, the Restaurant Building and my Home. I approached Mr. Olsen with this fact and asked when he would confront them with this information, he said " when the time comes" he never did confront them., but instead gave them $60,000 in loans now which is a 30 due in 5 loan, and $60,000 to be paid lump sum at the end of 60 months.

9. The statute of limitation has passed and I cannot seek legal action against them. This is bad representation by Mr. Olsen. The outcome was not in my favor. Instead of confronting them, he spent a lot of time and money in appeasing them. Had we confronted them they would not have been able to foreclose on my Restaurant Building, nor would I owe them all this money. I was under great stress of having lost my business and my home was damaged, he seemed to tell me that this was the only way to get my petition approved, I mistakenly believed in him.

10. In all the time Mr. Olsen spent on my case 30 months later my account is still in discord, the Trustee David Burchard has admitted to short paying my 1st.Mortgage to Bank of America by $467 per month which was an Escrow account for Real Estate Taxes, he has admitted to an excess of $10,887 which I am disputing and seeking a refund so that I can pay the Bank directly. Mr. Olsen has many hours billed in this matter, a summary follows.

11. In November of 2011 an Attorney from Bank of America, Mark Domeyer, contacted Mr. Olsen and said our payments were short and we must increase our payment, I knew he was wrong and specifically forbid Mr. Olsen in participating in this matter as I knew he was going to bill me excessively, which he did. I contacted the Trustee David Burchard directly and indicated to him their mistake. He and I met in the court room in 2/2012, in that meeting Mr. Burchard

4

clearly indicated that Mr. Olsen was at fault for not giving correct payment information. He also stated that his office was shorthanded and unable to cope with the new Chapter 12 cases that were being assigned to him and all accounting was being done manually.

12. It was my understanding when the problem was discovered between Mr. Olsen and Mr. Burchard they would rectify it, despite all his billing hours Mr. Olsen was unable and ineffective in resolving this issue. It still continues today 30 months later. The payments continue to be short to the Bank.

13. By calling the Bank in April of this year I found the payments were still short and the matter was unresolved. I wrote to the Trustee asking for an accounting and a meeting with him. He has since recanted his earlier statement and has indicated that Mr. Olsen did in fact provide a spreadsheet and correct information. It was his office that was at fault. I met with the Trustee in San Francisco on 4/17/13, in that meeting he provided no legitimate reason as to why the account was being short paid after the first 4 months in which the Escrow payments were actually sent to the Bank, then for no apparent reason they stopped.

14. Between the problem caused by the Trustees office, and Mr. Olsen's ineffective representation, the matter still continues today and as a struggling debtor I am left to foot the bill. This is simply not fair to me. I have written to the Bank again on 4/29/13 stating that I am in the process of rectifying this problem.

15. I was harassed by Mr. Domeyer with daily e-mails including on weekends for a period of 6 weeks, telling me my accounting was wrong and that I must increase my payments. Rather than research and resolve the matter, Mr. Olsen told me to go ahead and increase my payments. This was again wrong advice that was billed at $400 per hour. There is no fairness in this advice and representation.

16. In the matter of the California State board of Equalization the matter was straightforward they filed a claim of $2500 against my former LLC, a payment plan of $46 per month was agreed upon, yet they continued to add penalties and interest

5

REPLY/OPPOSITION
Case: 10-11577    Doc# 83    Filed: 05/01/13    Entered: 05/02/13 08:32:46    Page 5 of 12

every month. I was shocked at that and approached Mr. Olsen. He did not know the answer and he kept me on the phone for a long time while he researched this matter and came to the conclusion that they were allowed to add penalties and interest and suggested that I go ahead and pay them outside the plan payments.

17. With 20 plus years of Bankruptcy work and rate of $400 per hour, Mr. Olsen was uninformed and provided an inaccurately researched answer, I eventually resolved this matter by writing to The California State Board of Equalization myself. All his billing time should be disallowed in this matter.

18. He provided the same inaccurate advice on the claim of the IRS with respect to penalties and interest. He was uninformed in that matter also.

19. In summary, Mr. Olsen's bill is greatly inflated as compared to the services that he provided, more importantly there were no real results provided by his representation, now that he heard about a potential sale of the property, he has indicated that I can pay him whenever I can afford to, or when I sell the property. He added all to the time to be his own. I see 60% of his bill as being work performed by his staff rather than him. The majority of his bill should have been at $135 per hour and not at $400.

20. He has billed several hours for research on matters like, how to serve Bank of America with Bankruptcy notices, as a practicing Bankruptcy attorney he should know this commonplace piece of information, besides research is done by staff at lower rates than an attorney at much higher rates.

21. Mr. Olsen has triple entries on the same day Re. Plan Status, Plan Payments, Re. Plan and Re. Plan payments, this is absurd, all these entries pertain to one and same thing. He has triplicate entries on the same matter on 5/13/2010, 5/16 and 5/17. He is not showing prudence in his billing towards a struggling debtor but simply overcharging by fabricating his bill. He has billed 40 minutes about a banking matter regarding his retainer check. A full 30% of his bill is inflated due to his rounding off of time to 6 minutes per entry, regardless of how much time was spent.

6

22. On 10/19/2010 the day after the plan confirmation, he has billed 50 minutes for plan review and my property taxes, these matters were already handled prior to the plan approval.

23. He has multiple entries totaling over 60 minutes for conversations with our Appraiser after plan confirmation. He did not consult with me about any of this. He was treating my account as an open charge card where he could bill me at will for unimportant and inconsequential matters.

24. He has multiple entries on the same day: Tax lien on clients LLC, CA Board of Equalization, State Board of Equalization, they all pertain to the same claim. Post confirmation he has 31 entries totaling 5.5 Hours for the same matter the CA Board of Equalization claim, all this for wrong advice, all this time should be disallowed. Does a seasoned attorney need 31 attempts to reconcile a simple matter that I eventually resolved myself?

25. He has billed for travel time to San Rafael 54 minutes each way in my car, we are were at the very North end of San Rafael in that meeting and travel time was 30 minutes each way, this is just another example of his inflated bill.

26. He has billed for over an hour for the 5 payment spreadsheet that he provided to the Trustee.

26. Post confirmation Mr. Olsen has 24 entries totaling 4.6 Hours about the Bank of America Mortgage short pay matter created by the Trustees office. This matter is still unresolved as of 4/30/13, what is he billing for? His work is ineffective, produces no results and this entire time should be disallowed.

27. Post confirmation he has 7 entries, totaling 2 hours and 12 minutes regarding conversations with the Real Estate Appraiser who appraised my property. The matter was over after the Appraisers deposition and the plan confirmation. The list of such excessive entries goes on, and what is shameful is that they are all post confirmation. There was no need for his involvement, he took it upon himself to incur this time without my permission.

7

REPLY/OPPOSITION
Case: 10-11577   Doc# 83   Filed: 05/01/13   Entered: 05/02/13 08:32:46   Page 7 of 12

28. The matter of his rates being reasonable and in line with community standards is up to the Court to decide: I have used Attorney Robert Knox, a Stanford Law School graduate at $350 per hour. Michael Miller Attorney / Partner graduate of the Empire Law at a very large law firm in Santa Rosa $265 per hour. Brian Varner attorney in Santa Rosa University of Pacific McGeorge Law school $300 per hour.

29. I had stated earlier that after closure of my restaurant, I was dependent on my wine business to make a living. Unfortunately the wine maker Darek Trowbridge at Old World Winery ruined our 2008, 2009 and 2010 vintages. We were not aware of this until 1/2011 when I actually went out to sell the 2008 vintage. We are now in litigation with the wine maker. The retail value of our wine for the 3 years was at $256,000.

30. Real estate sales have been dismal due to limited inventory and most buyers cannot qualify for a loan. I have had many transactions fall out since my reentry into the business 12/2010. I am trying my best to make a living with part times jobs and roommates in my house. I do not have money to pay this inflated bill. There is no accountability in Mr. Olsen's actions in further pressurizing an already financially distressed debtor. I am seeking relief from the court in that The Trustee should provide full and proper accounting in my case, refund the excess monies and starting June 2013 I wish to make payments to my creditors myself, outside of the Trustees office so that I can save the $287 per month that I am paying them, and do a better job of timely and accurate payments.

31. With respect to Mr. Olsen's summary of services, I have been an employer in California for over 15 years and have had over 20 employees at an hourly rate at one time. I am very familiar with the time and productivity correlation. Here is my submission to the Court:

    A. General Administration: he requests 20.5 hours- Allow 6.5 hours. Most of my meetings were with is staff. All communication to creditors was by form letters mailed by staff.

B. Motion to Value liens: He requests 16.2 Hours. The Major Lien holder Bank of America with two liens ( 2 of my 5 payments are to them) did not even respond to the notices, there was not much communication with them pre-confirmation, Allow 6 hours.

C. Chapter 12 plan: he is seeking 25.5 Hours, why is this different from General Administration? It is the same case, there only 5 creditors in my plan, and only one objected- that was the Hard Money Lender Interest Income Partners. Allow 8 Hours.

D. Post confirmation he is requesting 27.7 hours, as discussed earlier, this time was ill spent without my permission or even my knowledge. No results were produced by all his time. The account is still in discord, what is he claiming any money for? Allow 5 Hours as a courtesy to him.

As an generous act of courtesy to an attorney who raided my bill without my knowledge or permission and did not have the basic professional courtesy to tell me of the chargers that I was incurring, his only reason being that it would have taken his time to do so. I will agree to pay him a total of 23.5 Hours at $400, I note again that he has provided no bill for his staff time other than the Fee Request preparation, most of meetings and dealings were with this staff.

Between the General Administration and drafting a Chapter 12 plan is 14.5 Hours which is more than enough for a competent attorney. Then there is an additional 6 Hours for Motion to Value liens which is more than adequate time to perform what he did. In summary I am agreeing to Pay Mr. Olsen for 25.5 Hours at $400 an Hour for a grand total of $10,200 along with expenses of $412.56. Of this I have paid him $7000 already. I would owe him a balance of $3512.56. I am requesting that this amount be paid to Mr. Olsen at the end of my plan in October of 2015. I pray to the Court for relief from this oppressive occurrence. I simply am not able to pay this bill as prepared by him.

I declare under penalty of perjury that the foregoing is true and correct as to those matters debtor has personal knowledge and to those matters based on information and belief, Respondent bases his declaration on such information and belief. This declaration was executed on May 1, 2013, at Santa Rosa, California.

Respectfully submitted,

_____
ANIL BEMBEY, Debtor

10

REPLY/OPPOSITION
Case: 10-11577    Doc# 83    Filed: 05/01/13    Entered: 05/02/13 08:32:46    Page 10 of 12

# CERTIFICATE OF SERVICE

I reside in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is LDA4You 128 College Ave, Santa Rosa, CA 95401

On May 1, 2013, I served the within

**REPLY/OPPOSITION OF ANIL BEMBEY TO STEVEN M. OLSON'S APPLICATION FOR COMPENSATION**
on the parties listed in the attached Service List. I served such parties in the manner described as follows:

BY MAIL, I placed a copy of the document in sealed envelopes, with postage thereon fully prepaid for First Class Mail, addressed to such parties as have mailing addresses set forth on the attached Service List, for collection and mailing at Santa Rosa, California.

I declare under penalty of perjury, under the Laws of the United States and of the State of California, that the foregoing is true and correct. Executed at Santa Rosa, California, on May 1, 2013.

*(signature)*
Andrew Voller

## SERVICE LIST

U.S. Trustee
235 Pine Street Ste 700
San Francisco, CA 94104

David Burchard, Chapter 12 Trustee
393 Vintage Park Drive Ste 150
Foster City, CA 94404

Steven M. Olson
100 E Street, Ste 104
Santa Rosa, CA 95404