UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ANIL BEMBEY,  No. 10-11577

                Debtor(s).
_____/

Memorandum on Application for Compensation
_____

      Debtor Anil Bembey filed his Chapter 12 petition on April 29, 2010. His schedules showed real property worth $600,000.00, secured debt of $1.25 million, and unsecured debt of $1.46 million. His original plan dealt with the claims of ten classes of creditors, with significant modification to the senior secured debt and no dividend to junior lienholders and unsecured creditors.

      Not surprisingly, Bembey's plan drew vigorous objection from one of the junior secured creditors which argued, among other things, that Bembey was not eligible for Chapter 12. The creditor filed motion to dismiss or convert the case and a lengthy stay relief motion as well as contesting the plan and the value Bembey placed on his property. The plan had to be amended at least once.

      Ultimately, Bembey and the objecting creditor reached a settlement. The settlement did not give Bembey everything he proposed in his original plan, but still gave him a great deal of relief, discharge of some $2 million in debt, and avoided him having to prove his eligibility for Chapter 12 relief.

      On March 4, 2013, Bembey's attorney, Steven M. Olson, applied for compensation of

$32,618.00 plus $412.56 in costs, less the $7,000.00 retainer he received at the commencement of the case. The application reflected a voluntary reduction of $3,000.00. Bembey responded by firing Olson and filing a lengthy opposition to the application.

The court has no difficulty at all determining that the value of Olson's services equal or exceed the compensation he seeks. There are only a handful of attorneys in the county capable of filing a Chapter 12 case, let alone obtaining confirmation of a plan in the face of vigorous opposition. Olson exhibited great skill in enabling Bembey to navigate through Chapter 12 and obtain confirmation of a plan. The difficulty of the case, the skill required to handle it, the time spent on the case and the results achieved all more than justify the relatively modest fees Olson seeks.

Bembey begins his opposition by asserting that Olson's entire fee was to be his retainer. There is no justifiable basis for this argument, which is contrary to the written fee agreement and common practice. Bembey mixes apples and oranges by citing a quote he received from a far less qualified attorney for doing a Chapter 13 case, which is much simpler that a Chapter 12 and does not permit a debtor to obtain the relief Bembey obtained in Chapter 12.

The court has reviewed the 30 allegations made by Bembey against Olson and finds no merit in them. Many are based on ignorance of the complex nature of bankruptcy proceedings, and some the court finds unsupported. The email correspondence Bembey asked the court to review shows nothing but professionalism on Olson's part. There is no basis in the record for Bembey's accusations that Olson's services were ineffective, his advice was poor, or that he fabricated his bill. Olson's hourly rate is reasonable and in line with the charges of other attorneys of equal expertise.

In only one aspect the court finds some fault by Olson, in that he did not present Bembey with at least annual statements or estimates of his fees. Such statements are not required but are good practice in order to avoid major surprises for the client at the end of a case. However, this shortcoming is compensated by Olson's voluntary reduction of $3,000.00 and the court will not reduce his fees further.

For the foregoing reasons, Bembey's objection will be overruled and the fee application

approved as filed.  Olson shall submit an appropriate form of order.

Dated: May 9, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge

3

# CERTIFICATE OF MAILING

The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of California hereby certifies that a copy of the attached document was mailed to all parties listed below as required by the Bankruptcy Code and Rules of Bankruptcy Procedure.

Dated: May 9, 2013

Wendy Karnes
Deputy Court Clerk

Anil Bembey
P.O. Box 3032
Rohnert Park, CA 94927